IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03337-WJM-MEH

SOLOMON ABRAHAM,
TESFAYE WORKNEH,
ADDIS H. TESSEMA,
MULUNEH M. TIZAZU, and
BIRHANU DINKU,

       Plaintiffs,

v.

HERTZ CORPORATION,
SIMPLY WHEELZ LLC, d/b/a Advantage Rent A Car,
ACCORD HUMAN CAPITAL, INC., d/b/a Accord Staffing & Human Capital Management,
and
STRYDEN CORPORATION,

       Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

       This matter comes before the Court *sua sponte* due to Plaintiffs' failure to prosecute this action and failure to comply with the Court's orders. For the reasons described below, the Court recommends this case be dismissed without prejudice.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the

## BACKGROUND

Plaintiffs initiated this action on December 24, 2012, through then-counsel David Struthers. (Docket #1.) On June 19, 2013,  Mr. Struthers moved to withdraw as counsel for Plaintiffs because of a conflict of interest.  (Docket #16.)  Given the age of this case and the expired deadline for service on Defendants [*see* docket #14], the Court denied the motion without prejudice and converted the impending June 24, 2013 Scheduling Conference to a Status Conference to be held that same date and time.  (Docket #18.)  In its order, the Court directed all Plaintiffs and their counsel to appear in person.  (*Id*.)

At the June 24, 2013 Status Conference, Mr. Struthers appeared in person, as did Plaintiff Kidane Angelo. Mr. Struthers represented that he attempted to contact each of his clients by phone, email, and regular mail to inform them of the Court's order.  Mr. Angelo confirmed that he had received such notice by mail.  Mr. Struthers asserted that he was able to reach one of his clients, Enrique Sanabria, to discuss the upcoming Status Conference.  Though Mr. Sanabria did not appear, he indicated to Mr. Struthers that he did not wish to continue in this lawsuit.  Mr. Angelo asserted the same and informed the Court that some of the remaining Plaintiffs shared his position. Prior to renewing his request to withdraw, Mr. Struthers signed two Notices of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on behalf of Mr. Sanabria and Mr. Angelo.  With this accomplished, the Court terminated Mr. Struthers' representation of Plaintiffs in this lawsuit.

Following the June 24, 2013 Status Conference, the Court issued an order to show cause on July 1, 2013, directing all remaining Plaintiffs to appear before the Court on July 16, 2013. (Docket

---

aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

#22.)  The Court held a hearing on that date; however, the Court determined from the docket that, due to a clerical error, its July 1, 2013 order to show cause was not mailed to Plaintiffs.  Thus, the Court issued a second order to show cause on July 16, 2013, again directing Plaintiffs to appear before the Court on July 31, 2013, at 10:00 a.m. to explain why this action should not be dismissed for failure to prosecute and failure to serve pursuant to Fed. R. Civ. P. 4(m).  (Docket #24.)  If any of the Plaintiffs did not wish to proceed in the litigation, the Court instructed such Plaintiffs to submit a signed Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) indicating their desire to dismiss their claims.  (*Id*. at 2.)  The Court advised Plaintiffs that failure to comply with the order would result in a recommendation of dismissal without further notice.  (*Id*.)

The Clerk of the Court mailed a copy of the July 16, 2013 order to show cause to each remaining Plaintiff at the address listed in docket #16-1.  (*See id*.)  On July 24, 2013, the July 16, 2013 order to show cause addressed to Addis H. Tessema was returned as undeliverable.  (Docket #26.)  With the exception of a separate order also mailed to Addis H. Tessema, the Court has received no other notices that its mail has not been delivered to the Plaintiffs.[2]

As scheduled, the Court held a hearing on the second order to show cause on July 31, 2013. (Docket #31.)  No Plaintiffs appeared, nor did any contact the Court in advance to request an continuance of the hearing date or explain their intended absence.  The Court indicated on the record that it would issue a recommendation of dismissal.  The Court's recommendation is set forth below.

## DISCUSSION

Although Plaintiffs are proceeding in this case without an attorney, they bear the

---

[2]On this point, the Court notes that pursuant to D.C. Colo. LCivR 10.1M, Plaintiff Tessema has an enduring obligation to provide notice to the Court of a new address within five days of the change.

responsibility of prosecuting this case with due diligence.  Plaintiffs were ordered to appear at the June 21, 2013 Status Conference and the July 31, 2013 Hearing.  None of the Plaintiffs appeared at either setting.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure and Court orders that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. July 7, 2008)  (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court looks to the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, because Plaintiffs have failed to accomplish service on Defendants, Defendants have not expended time or resources defending against Plaintiffs' claims.

4

However, the Court perceives some impact on Defendants simply by virtue of being named in a federal lawsuit alleging discrimination without receiving an opportunity to establish that they are not liable. In this way, Plaintiffs' failure to diligently prosecute this action has prejudice Defendants by preventing the Court from fully and completely resolving the claims asserted against them in this lawsuit. Additionally, the necessity in issuing an order to show cause increases the workload of the Court and interferes with the administration of justice. Plaintiffs' non-compliance with the judicial process by failing to appear at scheduled settings and failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court expressly ordered Plaintiffs to appear at both the Status Conference and the Hearing. None have done so. The record of Plaintiffs' failures to participate in the litigation leads the Court to believe Plaintiffs are culpable under these circumstances. Additionally, the Court admonished Plaintiffs that failure to comply with its order would result in a recommendation of dismissal without further notice. (Docket #24.) Thus, the fourth factor is satisfied.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby v. Meadors*, 351 F.3d 1324, 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as

5

suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiffs have failed to prosecute this case with due diligence by failing to effectuate service on Defendants, failing to appear at scheduled settings, and failing to respond to the Court's July 16, 2013 order to show cause. For these reasons, dismissal of this action without prejudice is warranted.

## **CONCLUSION**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby RECOMMENDS that the District Court dismiss this case without prejudice based upon Plaintiffs' failure to prosecute and failure to comply with the Court's orders.

Dated at Denver, Colorado, this 2nd day of August, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge